ADAMS, Justice.
In this appeal, defendant claims that the jury returned inconsistent verdicts and that, as a result, the Etowah County Circuit Court erred in failing to grant his motion for a new trial. We agree with the defendant’s contention in this regard, and the judgment of the circuit court is reversed.
In May 1982, plaintiff Johnny Osborn entered into negotiations with Bill Crouch, the general manager of defendant Custom Truck Sales, for the purchase of some reconditioned trucks. The purchase price for each truck was $40,000.00. After sending someone to inspect the trucks at the defendant’s place of business in Dallas, Texas, Osborn agreed to purchase one of the trucks. Three more trucks were purchased *425 by Leasing Service Corporation, which leased them to Osborn. Some time thereafter (the precise time was contested at trial), Osborn noticed that the body putty or “bondo” used for repairs, was peeling and flaking off the trucks, exposing rusted metal.
Osborn testified at trial that Crouch told him prior to sale that the trucks would be reconditioned, and that if there was any rust on the cab, then that portion would be replaced with new steel. Crouch testified that he never made any such statement, but that he did agree to sell Osborn four new cabs at cost to replace the ones that had rusted. Custom Truck Sales states that pursuant to this agreement it shipped three cabs to Osborn, but that Osborn never sent payment to Custom Truck Sales for the three new cabs.
Since the parties could not agree on liability, Osborn filed suit against Custom Truck Sales on December 6, 1983. In his four-count complaint, Osborn alleged fraud, breach of implied warranty of fitness for a particular purpose, breach of warranty of merchantability, and breach of express warranty, and sought damages of $100,000.00. Custom Truck Sales filed a counterclaim for $33,691.36, plus interest, for the three new cabs it sent to Osborn.
After a two-day trial, the court directed a verdict in favor of Custom Truck Sales on its counterclaim. The court then submitted the case to the jury on all four counts of the complaint. The court then charged the jury as follows:
“The forms of your verdict, ladies and gentlemen, will be: ‘We, the jury, find the issues in favor of Plaintiff under count or counts_’ — That will be for you to fill in, as I have told you the nature of the counts of the complaint— ‘and assess his damages at $_’ or ‘We, the jury, find the issues in favor of the defendant’.” [Emphasis added.]
These two forms were then given to the jury-
After deliberations, the jury returned and submitted the forms to the court. The court read the first form, which stated: “We, the jury, find the issues in favor of plaintiff under counts one and two of the complaint and assess his damages at $60,-000.00. s/Emestine Leeth, Foreman.” The court then polled each juror with regard to this verdict, and dismissed the jury. Subsequently, however, the court noticed that the jury foreman had also signed the second verdict form, which stated: “We, the jury, find in favor of the defendant.” As a result, the court entered judgment as follows:
This matter coming on for trial before the Court and a jury with the Honorable Julius S. Swann, Jr., Circuit Judge, presiding, and the issues having been duly tried and the jury having duly rendered its verdict as follows: “We, the jury, find the issues in favor of the Plaintiff under count or counts one and two of the complaint and assess his damages at $60,-000.00. Ernestine Leeth, Foreman.” “We, the jury find the issues in favor of the Defendant. Ernestine Leeth, Foreman.”
In accordance with the jury verdict, it is hereby ordered, adjudged and decreed that judgment is hereby rendered in favor of the plaintiff under counts one and two, and damage is assessed at $60,-000.00. And it is further ordered that judgment is hereby rendered in favor of the Defendant on the counterclaim in the sum of $36,942.94.
The defendant filed a motion for a new trial, alleging, inter alia, that the verdicts returned by the jury were inconsistent. The court denied the motion, and this appeal followed.
We are of the opinion that this is a classic example of inconsistent jury verdicts. The court instructed the jury that it could either find in favor of the plaintiff on one or more of his four theories of recovery, or it could find in favor of the defendant. Thus, the jury was instructed to do either one of two things. However, the jury chose neither of the available outcomes, but instead created a third outcome; stating, in effect, “Based upon the complaint, plaintiff wins,” and “Based upon the complaint, defendant wins.”
*426 It is difficult for this Court to envision two more inconsistent statements than those which were adopted by the jury in this case. Whatever the reason, the result in this case is that the jury apparently was confused about something. Since the court questioned them only with regard to the first verdict form, we do not know why the foreman also signed the second verdict form. From that which appears before us on appeal, it is unclear what the jury meant to do in this case. Such a result cannot be allowed to stand. Therefore, the judgment of the trial court is hereby reversed and the cause remanded for a new trial.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.